J-A25040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXSI SERPAS LOPEZ | : | |
| | : | |
| Appellant | : | No. 342 WDA 2021 |

Appeal from the PCRA Order Entered January 12, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000733-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXSI SERPAS LOPEZ | : | |
| | : | |
| Appellant | : | No. 343 WDA 2021 |

Appeal from the PCRA Order Entered January 12, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002103-2017

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: FEBRUARY 4, 2022**

Appellant, Alexsi Serpas Lopez, appeals from orders of the Court of Common Pleas of Blair County (trial court) in two criminal proceedings that denied his petitions for relief pursuant to the Post Conviction Relief Act

_____

[*] Retired Senior Judge assigned to the Superior Court.

(PCRA).[1]  Counsel for Appellant in this appeal has filed an application to withdraw and a brief concluding that these appeals present no issues of any arguable merit.  After careful review, we grant counsel's application to withdraw and affirm the orders dismissing Appellant's PCRA petitions.

On September 17, 2018, Appellant entered a negotiated guilty plea in CP-07-CR-0002103-2017 (CR-2103-2017) to Drug Delivery Resulting in Death, Possession with Intent to Deliver a Controlled Substance (PWID), Conspiracy to Commit PWID, Criminal Use of a Communication Facility, and Dealing in Proceeds of Unlawful Activity.[2]  N.T. Guilty Plea at 6-7, 13-14, 21-25.  In accordance with the plea agreement, Appellant was sentenced on that date to an aggregate term of 12 to 30 years' imprisonment.  Sentencing Order.

Appellant filed no notice of appeal.  On May 6, 2019, Appellant filed a *pro se* PCRA petition in CP-07-CR-0000733-2017 (CR-733-2017), a different criminal case, challenging his plea and sentence in CR-2103-2017.  The trial court appointed PCRA counsel for Appellant and granted PCRA counsel leave to file an amended PCRA petition.  PCRA counsel on September 12, 2019, filed a timely amended PCRA petition in both CR-733-2017 and CR-2103-2017.

On January 23, 2020, the trial court held a hearing on the PCRA petitions in both cases at which Appellant and his trial counsel testified.  At this hearing,

---

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. § 2506(a), 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 903, 18 Pa.C.S. § 7512(a), and 18 Pa.C.S. § 5111(a)(1), respectively.

Appellant's PCRA counsel stated that the only PCRA claim that Appellant was asserting was a claim that trial counsel had failed to advise him of the deadline for accepting an earlier plea offer from the Commonwealth until after the deadline had passed and the offer was no longer available, and Appellant withdrew all other claims for PCRA relief. N.T. PCRA, 1/23/20, at 12-14, 36.

Appellant testified that the Commonwealth originally had offered a plea deal with a 10 to 30 year sentence in early 2018 and that he had his trial counsel make a counteroffer to plead guilty in exchange for a 10 to 20 year sentence. N.T. PCRA, 1/23/20, at 5, 11. Appellant testified that his trial counsel sent him a letter dated April 27, 2018 advising him that the Commonwealth would keep the 10 to 30 year offer open only until April 30, 2018, but that he did not receive trial counsel's letter until May 4, 2018. **Id.** at 5-8; **see also** Appellant's PCRA Exs. 1, 2. Appellant testified that if he had known about the deadline, he would have accepted the plea offer before the deadline passed, and that when he pled guilty at the scheduled start of his trial on September 17, 2018, the Commonwealth would not agree to any sentence shorter than 12 to 30 years. N.T. PCRA, 1/23/20, at 4, 7-9. Appellant also testified that the reason that he accepted the 12 to 30 year offer and pled guilty was to enable the mother of his son, who was a co-defendant, to receive a shorter prison sentence. **Id.** at 9-10, 12.

Appellant's trial counsel testified that beginning in January 2018, the Commonwealth made a plea offer of 10 to 30 years and that Appellant

repeatedly rejected that offer and proposed counteroffers of 8 to 20 years, 8 to 25 years, 10 to 20 years, 10 to 25 years, and 10 to 20 years followed by 10 years' probation, all of which were rejected by the Commonwealth. N.T. PCRA, 1/23/20, at 15-16, 19-22, 27-28. Trial counsel testified that he received a letter from the Commonwealth on April 20, 2018, notifying him that its 10 to 30 year plea offer would be kept open only through April 30, 2018 and that he advised Appellant of this deadline both by his firm's April 27, 2018 letter and in person on April 30, 2021 at the Blair County Prison. *Id.* at 17-18, 22-23, 25, 28-31; Commonwealth PCRA Ex. 1. Trial counsel testified that when he met with Appellant on April 30, 2018 and advised him of the deadline, Appellant again rejected the 10 to 30 year offer unless the Commonwealth would agree to an additional sentence reduction condition and that he relayed this counteroffer to the Commonwealth and the Commonwealth rejected the counteroffer. N.T. PCRA, 1/23/20, at 17, 23-24. Trial counsel testified that after the April 30, 2018 deadline passed, the Commonwealth's plea offer was the 12 to 30 year offer that Appellant accepted on September 17, 2018. *Id.* at 25-26.

Appellant testified on rebuttal that he was not at the prison on April 30, 2018, because he was in court at a custody hearing with the mother of his son and her aunt. N.T. PCRA, 1/23/20, at 32-33. The trial court kept the record open and ordered an additional hearing date to permit Appellant to locate and introduce documents concerning Appellant's April 30, 2018 custody hearing

and the prison visitor's log for April 30, 2018. *Id.* at 33-35; Trial Court Order, 1/23/20.

On July 30, 2020, the additional PCRA hearing was held. At this hearing, Appellant introduced in evidence a consent order stating that Appellant was at a custody conciliation conference at 9:00 a.m. on April 30, 2018 and Appellant testified that he was at the conference for two hours or two and one half hours. N.T. PCRA, 7/30/20, at 3-7. Appellant's PCRA counsel also advised the trial court that he had subpoenaed the Blair County Prison and was advised by the warden that the prison was unable to find the visitor log for April 30, 2018. *Id.* at 4, 8-9.

On January 12, 2021, following briefing by both parties, the trial court denied Appellant's PCRA petitions. Trial Court Opinion and Order, 1/12/21. In its opinion accompanying the orders denying the PCRA petitions, the trial court found trial counsel's testimony credible, rejected as incredible Appellant's testimony that he would have accepted the 10 to 30 year plea offer if he had known of the deadline, and found that trial counsel advised Appellant in person on April 30, 2018 of the 10 to 30 year plea offer deadline before it expired and that Appellant rejected the plea offer with knowledge of the deadline. *Id.* at 11-13.

Appellant, represented by his PCRA counsel, timely appealed the orders denying his PCRA petitions and this Court *sua sponte* consolidated these appeals. In June 2021, counsel filed and served on Appellant an application

to withdraw and an ***Anders***[3] brief in which he concludes that there is no ground for reversal of the trial court's denial of Appellant's PCRA petitions. Appellant filed no response to the application to withdraw or ***Anders*** brief. The Commonwealth has filed a brief in support of the trial court's orders.

Before this Court can consider the merits of these appeals, we must first determine whether counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted in a PCRA appeal. ***Commonwealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016); ***Commonwealth v. Freeland,*** 106 A.3d 768, 774 (Pa. Super. 2014); ***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012). To withdraw from representing a PCRA petitioner, counsel must file a no-merit letter, send the petitioner copies of the application to withdraw and no-merit letter, and advise petitioner of his right to proceed *pro se* or with a privately retained attorney. ***Walters***, 135 A.3d at 591; ***Doty***, 48 A.3d at 454; ***Commonwealth v. Widgins***, 29 A.3d 816, 818 (Pa. Super. 2011). The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. ***Commonwealth v. Turner,*** 544 A.2d 927, 928-29 (Pa. 1988); ***Freeland,*** 106 A.3d at 774; ***Widgins***, 29 A.3d at 817-18. If appellate counsel has satisfied the above

---

[3] ***Anders v. California***, 386 U.S. 738 (1967).

requirements, this Court must then conduct its own review of the record and render an independent judgment as to whether the appeal is without merit. ***Walters***, 135 A.3d at 591; ***Doty***, 48 A.3d at 454.

Here, counsel filed and sent Appellant his application to withdraw as counsel and sent Appellant a letter advising Appellant of his right either to retain new counsel or proceed *pro se*. Although counsel filed and sent Appellant an ***Anders*** brief, which is required when counsel seeks to withdraw in a direct appeal, rather than a no-merit letter, an ***Anders*** brief can satisfy counsel's obligations in an appeal from denial of a PCRA petition provided that the brief contains all the information that must be included in a no-merit letter. ***Widgins***, 29 A.3d at 817 n.2, 819. We conclude that counsel's brief here satisfies the requirements for a sufficient no-merit letter. Counsel's brief discusses the record in detail, sets forth the sole ground for PCRA relief asserted by Appellant, and explains why it is without merit. We therefore conduct our own review and independently determine whether the trial court erred in denying Appellant's PCRA petitions.

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015); ***Commonwealth v. Johnson***, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*); ***Commonwealth v. Smith***, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the evidence of record in a

light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Johnson*, 236 A.3d at 68; *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa. Super. 2013). The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Johnson*, 236 A.3d at 68; *Widgins*, 29 A.3d at 820.

Here, Appellant's only PCRA claim was that trial counsel had failed to notify him of the deadline for accepting the Commonwealth's 10 to 30 year plea offer before that deadline expired. Whether trial counsel failed to notify Appellant before the deadline expired was a disputed issue of fact that the trial court resolved against Appellant. While Appellant did not receive trial counsel's letter concerning the April 30, 2018 deadline until early May 2018, the trial court found that trial counsel spoke to Appellant about the Commonwealth's deadline for the 10 to 30 year plea offer on April 30, 2018, before the deadline expired, and that Appellant, after being advised of the deadline, again rejected the 10 to 30 year plea offer. Trial Court Opinion and Order, 1/12/21, at 12-13. That determination was amply supported by trial counsel's testimony, which the trial court found credible. N.T. PCRA, 1/23/20, at 17-18, 23-25, 28-29; Trial Court Opinion and Order, 1/12/21, at 12-13. The evidence that Appellant was at a custody conference part of the morning of April 30, 2018 did not preclude the court from finding trial counsel's testimony concerning the April 30, 2018 conversation credible. As the trial court explained, the custody conference and conversation with trial counsel

were events that could both have occurred on April 30, 2018. Trial Court Opinion and Order, 1/12/21, at 12.

In addition, the trial court found not credible Appellant's testimony that he would have accepted the Commonwealth's 10 to 30 year plea offer in April 2018. Trial Court Opinion and Order, 1/12/21, at 11-12. That determination is likewise supported by the record, as it was undisputed that Appellant had repeatedly rejected the 10 to 30 year plea offer and ultimately pled guilty only at the start of trial to obtain a lesser prison sentence for the mother of his son, which was not part of the April 2018 plea offer. N.T. PCRA, 1/23/20, at 4-5, 9-12, 16, 18-22, 25-27; Commonwealth PCRA Ex. 1.

As the record supports the trial court's determinations that trial counsel advised Appellant of the plea offer deadline before the deadline passed and that Appellant rejected the plea offer, Appellant's sole PCRA claim lacks merit. *Widgins*, 29 A.3d at 820. Accordingly, we grant counsel's application to withdraw and affirm the PCRA court's orders denying Appellant's PCRA petitions.

Orders affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/04/2022

- 9 -